**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID STEVENS,**

-vs-                                                         Case No.  6:08-cv-421-Orl-31KRS

**ACR SALES AND SERVICE, INC.,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT FOR LIQUIDATED DAMAGES (Doc. No. 11)** |
| **FILED:** | **May 19, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice.**

Plaintiff David Stevens is not entitled to entry of a default judgment merely because a default has been entered against Defendant ACR Sales and Service, Inc. ("ACR"). *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Rather, he must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that ACR is liable for the alleged violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). To satisfy this burden, Stevens must support his motion for entry of a default judgment with a legal

memorandum stating the elements of the FMLA claim and citing the facts alleged in the complaint that establish each element of the claim. *See* Local Rule 3.01(a)(requiring that all motions or other applications for an order shall include a memorandum of authority in support of the request).

If the well-pleaded allegations of the complaint establish liability, then Stevens must present evidence sufficient to establish the damages to be awarded. The Plaintiff's affidavit is insufficient in this regard because it provides merely conclusory statements. To establish that he is entitled to damages, Plaintiff must present specific averments regarding the following: (1) the salary earned while employed; (2) the separate amounts of bonuses and commissions paid while employed; (3) how he determined his damages based on loss of the company car; and (4) an itemization of his damages based on loss of medical insurance. Objective documentation of damages should be authenticated and submitted. *See Natures Way Marine, LLC v. North American Materials, Inc.*, No. 08-0005-WS-B, 2008 WL 801702, *4 (S.D. Ala. Mar. 24, 2008)("It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . .  Plaintiff's damages should be readily provable by reference to objective documentation. . . .  What the Court requires . . . is sworn, authenticated evidence. . . . Conclusory evidence whose calculations and factual underpinnings cannot be discerned are insufficient and will not be accepted.").

With respect to the request for an award of costs, Stevens must present evidence that the costs were those actually and necessarily incurred and are recoverable under the law. With respect to attorneys' fees, Stevens must present evidence in the form required in *Norman v. Housing Authority*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988), regarding the background and experience of each

individual for whose work fees are sought along with the time sheet showing the hours worked and the tasks performed.

It is **ORDERED** that the renewed motion for a default judgment shall be filed on or before June 20, 2008.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties